REID *vs.* THE CITY OF ATLANTA.

Every continuance of a nuisance is a renewal of the wrong, and is actionable until abated. It is a nuisance to keep up a sewer which, when it rains, throws upon a lot, and near the house where the owner resides, excrement disagreeable to the smell and hurtful to health; and an action therefor should not have been dismissed, although the digging of the sewer was more than four years before the bringing of the suit.

(*a.*) *Semble*, that when a city acts on a general plan for the improvement of its streets, a stale demand should not meet with much favor in respect to the measure of damages, unless the nuisance be clearly proved and its continuance be a clear continuance of damages to property by reason of the hurtful character which the nuisance imparts to the trespass.

February 7, 1885.

Trespass. Nuisance. Actions. Damages. Municipal Corporations. Sewers and Drains. Before Judge DORSEY. City Court of Atlanta. June Term, 1884.

· On May 16, 1882, Mary A. Reid brought case against the city of Atlanta. The declaration alleged that the city had negligently kept, worked and graded Hunter street so as to turn water upon the lot where she resided, causing it to wash, and producing stagnant and filthy puddles, endangering health, etc.

By amendment, it was alleged that, in 1870, the city changed the sewer on Hunter street from its original and natural position to a new situation so negligently as to discharge water where it would flow directly across plaintiff's lot; that the original work was unskillful and wrong; and that it had been a continuing nuisance and had been greatly increased by changes in the grade of the street within four years prior to the bringing of the suit; also that, within that time, human excrement had begun to be discharged upon plaintiff's lot from the sewer. Damages for the four preceding years were claimed; also for the permanent injury of the lot.

On demurrer, the court dismissed the case; on the ground that the declaration showed that it was barred by the statute of limitations. Plaintiff excepted.

HOKE SMITH; FRANK A. ARNOLD; REUBEN ARNOLD, for plaintiff in error.

E. A. ANGIER; W. T. NEWMAN; for defendant.

JACKSON, Chief Justice.

·· ·The plaintiff in error sued the defendant in error for damaging her property by so digging and keeping up a sewer as that it became and remains a nuisance, flowing, after every rain, human excrement on her lot and near her house, so as to make her residence disagreeable, hurtful to inmates, and unhealthy. The facts alleged in the declaration amount to the above synopsis, when boiled down to their essence. The sewer was dug or changed in 1870, so as now to produce, after rain-falls, these, besides other

damages to her property, set forth therein. By amendment, she claims damages for the four years last preceding the time the declaration was filed. On demurrer, the case was dismissed, because barred on its face by the statute of limitations; and that is the sole question, because if not barred, the grievance is clearly actionable.

1. Every continuance of a nuisance is a renewal of wrong, and therefore actionable until abated. 3 Blackstone, 220; 7 *Ga.*, 327; 47 *Id.*, 266, 267. Surely it is a nuisance to keep up a sewer which, when it rains, throws upon one's lot, and near the house where she resides, too, excrement, disagreeable in smell and hurtful to health. We are constrained, therefore, to rule that the court erred in dissmising the plaintiff's action.

The able and indefatigable counsel of the defendant in error cites a case from the Supreme Court of Iowa, excepting cities in the regular construction of grading and ditching from the rule that there can be no prescription for a nuisance. 45 Iowa, 652. But we do not feel at liberty to depart from Blackstone, endorsed by this court in the 7th, and re-affirmed in the 47th volume of Georgia reports, to follow that court.

We are aware that the question is of vast importance to cities in making permanent improvements in grading and drainage, and we will go to the extent of intimating that when the city acts on a general plan for the improvement of her streets, a stale demand should not meet with such favor in respect to the measure of damages, unless the nuisance be clearly proved, and its continuance be a clear continuance of damages to property by reason of the hurtful character which the nuisance imparts to the trespass.

Judgment reversed.