## MAYOR & COUNCIL OF BRUNSWICK *v.* TUCKER.

1. A municipal corporation is liable to a property owner for damage sustained by a negligent failure to keep its drains and sewers in repair, thus causing surface-water to pond upon such property and render it less valuable for use and occupation.

2. The amount of the verdict as voluntarily reduced by the plaintiff was authorized by the evidence, and there was no error in overruling the motion for a new trial.

Argued October 27, — Decided December 21, 1897.

Action for damages. Before Judge Sweat. Glynn superior court. December term, 1896.

*W. E. Kay* and *Owens Johnson,* by *John M. Graham,* for plaintiff in error.

COBB, J. Mrs. Tucker brought suit against the Mayor and Council of the City of Brunswick, to recover damages for the alleged negligence of the municipal authorities in allowing certain street-drains to become clogged by wood and sand, thus gradually raising the level of the drains, so that the surface-water, which was formerly carried away from a lot owned by her by means of such drains, was caused to settle and become ponded thereon with no means of outlet. It appears that in 1868 the City of Brunswick leased the premises to one Coleman, his heirs and assigns, and that he afterwards assigned the lease to the plaintiff, who entered in possession in 1877, and has so remained to the present time. The premises consisted of three city lots containing about one half of an acre of ground bounded on all sides by streets. Upon the premises was a dwelling which was occupied at least five years before plaintiff's entry. This dwelling was on that portion of the premises which was unaffected by the overflow, while the garden was

below the level of the street. In June, 1889, a heavy rain-storm came, which partly filled up the larger drain and caused the water to back and settle upon the premises of the plaintiff. Upon the question of negligence the evidence was conflicting. The jury returned a verdict for the plaintiff for $1,950, $950 of which was voluntarily written off. The defendant made a motion for a new trial, in which it was alleged that the verdict was contrary to law and evidence, and furthermore that the evidence showed that the plaintiff sustained no loss; and that the defendant acted simply in its governmental capacity and was not liable for injuries happening to plaintiff by surface-water. This motion was overruled, and the defendant excepted.

1. If a municipal corporation adopt a general plan for the improvement of its streets and drains, and in carrying such plan into execution is guilty of negligence, whereby a property owner is damaged, it is liable in damages to the latter. 2 Dillon's Municipal Corp. (4th ed.) § 1051. It follows that if a municipal corporation construct its streets and drains in such a negligent manner that surface-water from the streets and adjacent property is cast upon the lot of an adjoining owner and caused to pond thereon, or if such result is brought about by a system of drains originally properly constructed, but negligently allowed to fall out of repair, such corporation will be liable to the owner of the property affected, for any damages growing out of the nuisance thus created. *Reid* v. *Atlanta,* 73 *Ga.* 523; *Maguire* v. *Cartersville,* 76 *Ga.* 84. And if loss be shown, directly traceable to the nuisance so created, it will not be sufficient as an answer to the plaintiff's claim for damages for the defendant to show that the improvement made was of a character which increased the market value of the property affected. The right to set off increased value against a claim for damages is not conferred by the law upon a wrong-doer. See *Davis* v. *East T. Ry. Co.,* 87 *Ga.* 611, and cases cited. In that case Chief Justice Bleckley says: "The scope of the plaintiff's action embraces two classes of damage: damage to the corpus or freehold, and damage by diminishing the annual value of the premises for use. The evidence shows very conclusively that the market value of the property was increased,

rather than diminished, by the location and use of the railroad in the street. The plaintiff can recover nothing on that score, for the reason, if for no other, that she proved no damage of that class. But the evidence did tend to show that she had sustained damage by the diminished annual value of the premises for use in their present condition. The court in its charge to the jury seems not to have recognized this element as a basis for recovery. We think this was error. A wrongdoer can not set off increase of market value caused by his unlawful act against loss of rents and profits occasioned thereby. . . Injury to rental value is, or may be, separate and distinct from injury to market value. The measure of damages in an action for a nuisance affecting real estate is not simply the depreciation of the property. . . The owner of the property is entitled to use it in its present condition, and one who unlawfully hinders, obstructs or interferes with such use can not appeal to the increased market value which might be realized if the property were devoted to other purposes, and take credit for such increase by way of indirect set-off against the direct loss or injury which he has occasioned." See also *Farkas* v. *Towns*, ante, 150.

2. The verdict as originally returned by the jury was for an amount which was unauthorized by the evidence, but as the plaintiff voluntarily reduced the same to an amount which was authorized by the evidence, there was no error in overruling the motion for a new trial. *Augusta R. Co.* v. *Glover*, 92 *Ga.* 134, 148; *Central R. Co.* v. *Crosby*, 74 *Ga.* 737.

*Judgment affirmed. All the Justices concurring, except Atkinson, J., who was disqualified.*