MULLIGAN *v.* CITY COUNCIL OF AUGUSTA.

|115  337|
|Case 2|
|117  287|

A former recovery against a municipal corporation in a suit for damages sus-
tained by a property-owner by reason of its maintenance of a nuisance is no
bar to a second action brought by him with a view to recovering compensation
for damages subsequently arising from the same cause, unless the recovery
had in the first suit was for prospective damages as well as for such as had
actually been suffered up to the time of the bringing thereof.

Submitted March 1, — Decided April 26, 1902.

Action for damages.    Before  Judge  Eve.    City court of Rich-
mond county.    April 11, 1901.

*H. C. Roney,* for plaintiff.    *W. H. Barrett,* for defendant.

LUMPKIN, P. J.    The error assigned in the bill of exceptions sued
out in this case is that the court below erred in dismissing an ac-
tion brought by Mulligan against the City Council of Augusta, the
purpose of which was to recover compensation for damages alleged
to have been sustained by the plaintiff by reason of large quantities
of water, polluted with sewage, being periodically discharged upon
a city lot of which he was the owner.    In his petition he undertook
to describe the location and character of various sewers in the neigh-
borhood of this lot, and alleged that, because of certain changes
made by the city in its sewerage system, too great a servitude was
placed upon one of these sewers, with the result that " since the
year 1898, . . after usual and ordinary rainfalls, petitioner's lot has
been flooded by water backed up from " said sewer, and foul sew-
age deposited upon his premises.    It was further alleged that " said
water has undermined the foundations of his store and residence, and,
unless the periodical flooding of his premises is prevented, there is
likely to be further damage to his said buildings; that his said lot
is rendered useless for any purpose whatever, and sickness is likely
to follow the deposit of sewage and water under his house and upon
his premises."    He also sought to recover damages arising out of
a change made in the grade of the street upon which his lot fronted;
but by an amendment, offered and allowed at the trial term of the
case, all allegations in regard thereto were stricken from his petition.
At that term the city was allowed, over his objection, to amend an
answer, which it had in due time filed, by setting up the defense
that his action was barred by a former recovery against it in a suit,
predicated upon the same cause of action, which he had instituted
on the 27th day of June, 1896.    There is, however, in his bill of
exceptions no assignment of error upon the allowance of this amend-
ment.    Before the introduction of any evidence, counsel for the
city made an oral motion to dismiss the plaintiff's action, on the
ground that he had " recovered of defendant the sum of six hundred
dollars for the same cause of action, by overflowing his said land from
the same sewer, as shown by the petition, and has been paid said sum,
and is, therefore, not entitled to further recovery."    Pending this mo-

tion to dismiss, and before any decision thereon, the plaintiff offered, and had allowed without objection, an amendment to his petition, in which he alleged that, "since the bringing of a former cause of action against the defendant to the September term, 1896, of this court, for the overflow of his lot and premises, and since the recovery of $600 against said defendant at the May term, 1897, he erected on said lot a new storehouse and residence at an expense of $1,000, and expended in raising his lot $200, which said lot and new building have been overflowed and damaged as aforesaid." The trial judge thereupon sustained the motion to dismiss.

In excepting to this judgment of dismissal, the plaintiff distinctly makes the point that if his "former recovery was for a partial depreciation of the lot of land and improvements thereof, and since there has been a permanent injury from the same cause, rendering the lot and premises useless for any purpose, the first suit would be no bar to a second suit;" and that, this being so, the court below erred in dismissing his present action, inasmuch as the allegations set forth in his petition "relating to former recovery, and relied upon by defendant's counsel to sustain his motion," do not disclose whether the damages recovered in the first suit were "for the trespass up to the time of bringing the suit, or whether for permanent or prospective damages." Obviously, this is the correct view to take of the matter. As originally filed, the plaintiff's petition did not contain even a hint of a former recovery against the city. He went entirely out of his way in offering an amendment in which reference was made thereto; but, as a casual reading of that amendment will show, it did not set forth facts upon which the trial judge could properly base his ruling that the plaintiff's petition, as thus amended, showed on its face that the cause of action on which he relied was barred by a recovery in a suit previously instituted. Further comment along this line would seem to be wholly unnecessary.

In view of the fact that the plaintiff sought to recover compensation for damages resulting from the maintenance by the municipal authorities of a nuisance, the question of law raised by the assignment of error just referred to is one as to which no doubt can be seriously entertained. We do not care to discuss it, or to do more than call attention to a number of pertinent decisions by this court which directly bear thereon. The writer, in *Danielly* v.

*Cheeves,* 94 *Ga.* 263, discussed the subject at some length. Chief Justice Simmons did likewise in *City Council of Augusta* v. *Lombard,* 101 *Ga.* 724, and cited numerous authorities. In *Holmes* v. *Atlanta,* 113 *Ga.* 962, it was said that: " Where a nuisance is not of a permanent and continuing character, but such as a city may at will abate, a citizen has no right to assume that the same will be maintained indefinitely. His remedy therefore is, not to recover in one action all past and future damages, but to bring from time to time separate suits for recurring injuries sustained, instituting each within the period prescribed by the statute of limitations for taking steps to recover damages actually suffered up to the time the action is filed." Occasion was also taken to point out the distinction between a case such as the present action and that of *Atkinson* v. *Atlanta,* 81 *Ga.* 625, the decision in which was relied on by counsel for the defendant in error in the case now before us. The ruling announced in *Massengale* v. *Atlanta,* 113 *Ga.* 966, in support of which a number of prior decisions of this court were cited, is also directly in point. There it was held that : " Permitting a public city sewer to be or remain in such a defective condition as to become a nuisance, with resulting injury to realty, gives a cause of action against the municipality in favor of the owner of such realty, and on the trial thereof he may recover for all damages to his property which have occurred within four years of the filing of his petition ;" and that this "is so without regard to the time when the sewer was constructed or when it became in fact a nuisance." Presumably, as nothing to the contrary appears in the plaintiff's petition, he brought his first suit to recover such damages only as had been actually sustained up to the time of the filing thereof; and if so, his present action is certainly maintainable.

*Judgment reversed. All concurring, except Lewis, J., absent.*