## SOUTHERN RAILWAY COMPANY v. COOK.

1. Where one persists in maintaining a nuisance which is not permanent in its character but which can and should be abated, every continuance of the nuisance is a fresh nuisance for which a new action will lie.
2. A suit against one who maintains a nuisance of the character above indicated, for damages thereby done to land of the plaintiff from a named date to the date of the filing of the petition, is no bar to a fresh action for damages since done to the same land by a continued maintenance of the same nuisance.

Argued January 13, — Decided March 12, 1903.

Action for damages.    Before Judge Bennet.    Coffee superior court.    June 19, 1902.

*DeLacy & Bishop*, for plaintiff in error.

*E. D. Graham*, contra.

CANDLER, J.   Suit was brought against the Southern Railway Company, for damages alleged to have been sustained by reason of its having maintained a nuisance in keeping a dam across a stream on the plaintiff's land, as a result of which his field was inundated and rendered unfit for cultivation.   The defendant filed a special plea in abatement, alleging the pendency of another suit between

the same parties for the same cause of action. The issue raised by this special plea was first tried, the court directing a verdict against the plea. The defendant filed exceptions pendente lite, on which error is assigned in the bill of exceptions, excepting to the direction of this verdict. The trial of the issues formed by the plea to the merits resulted in a verdict for the plaintiff. The defendant moved for a new trial. The motion was overruled, and the movant excepted.

1. Where the effect of a trespass upon land is to render it wholly and permanently worthless for the uses to which it is mainly adapted, the owner must bring a single action to recover all the resulting damages, past, present, and future. *Allen* v. *Railroad Co.*, 107 *Ga.* 838, 843, and cases cited. Where, however, the nuisance is not of a permanent and continuing character, but one which can and should be abated, the party injured has no right to assume that it will be maintained indefinitely; and his remedy is, not to recover in one action for all past and future damages, but to bring from time to time separate suits for the recurring injuries sustained, instituting each within the period prescribed by the statute of limitations for taking steps to recover damages actually suffered up to the time the action is filed. *Holmes* v. *Atlanta*, 113 *Ga.* 962. A recovery in such a suit of such damages as had been suffered up to the time of suit is no bar to a second action for damages subsequently received from the same cause. *Mulligan* v. *Augusta*, 115 *Ga.* 337, and cases cited. This has so long been established and recognized that we shall not further discuss it, save to show its application to the present case.

2. The suit relied on as a defense in the defendant's plea in abatement was instituted on June 27, 1896. The petition therein alleged that the plaintiff was the owner of a certain lot of land containing about fifty acres of fertile, arable land, valuable for tillage; that there was a pond or basin which had formerly been drained through a certain outlet; that the defendant company had built and maintained its road-bed through said land, so as to completely obstruct the outlet of the pond; that the defendant had maintained this obstruction from January 1, 1894, to the filing of the suit; that by reason of the obstruction maintained by the defendant the water of the pond "frequently overflows a large portion of said field, so that plaintiff is deprived of the use of said field for the purpose of

tillage, by reason of which facts said field has been wholly worthless since the first day of January, 1894;" that the defendant could prevent said damage by putting in a culvert, but had failed to do so. The petition prayed damages in the sum of $1,000. The present suit was instituted on April 14, 1898, and seeks a recovery of the damages sustained between June 27, 1896, and the date of the commencement of the suit. The land described in the two petitions is the same, and the second petition alleges that the damages for which a recovery is sought resulted from the continued maintenance of the same dam or part of defendant's road-bed which was described in the former suit. We are clear that this former suit was no bar to the present action. The first suit was not for any damages except those which had been actually sustained before the commencement of the suit. The allegation that the land had been wholly worthless to the petitioner since a named day is not by any means an allegation that the obstruction of the outlet of the pond had rendered the land worthless for the future, or that the injury was in any sense permanent. This is especially clear when we consider the further allegation in that petition, that the defendant could abate the nuisance by putting in a culvert. Can we, by any implication, construe the petition as setting up a permanent and necessarily continuing injury, when such petition expressly alleges that there is a simple method by which the defendant can and should abate the nuisance? The first suit was for the recovery of those damages only which had accrued up to the time of its institution, and was therefore no bar to the institution of the present suit for damages since accrued to the same land by a continued maintenance of the same nuisance.

What has been said above disposes, not only of the exceptions pendente lite, but also of all that is of any importance in the motion for new trial.        *Judgment affirmed.    By five Justices.*