## KETRON *v.* SUTTON *et al.*

1. A ground of a motion for a new trial which complains of the admission of certain documentary evidence, but which neither states what objection, if any, was made to its introduction, nor shows what the contents of the writing were, presents no question for determination by a reviewing court.

2. The verdict was not warranted by the evidence; and the trial court, therefore, erred in not granting a new trial upon the general grounds of the motion therefor.

Argued January 14,— Decided April 16, 1908.

Equitable petition. Before Judge Brand. Habersham superior court. May 11, 1907.

*J. R. Grant* and *J. C. Edwards,* for plaintiff in error.

*Robert McMillan, J. J. Bowden,* and *H. J. Sutton,* contra.

FISH, C. J. Plaintiffs brought an action for damages against defendant. The petition alleged: Plaintiffs had agreed that defendant might cut a drainage ditch through certain land which they owned, upon condition that she would maintain a bridge across the same for their use in reaching land belonging to them, which, after the cutting of the ditch, would be otherwise inaccessible to them. Defendant cut the ditch of a width and depth which was satisfactory to plaintiffs, and built a bridge across the same. A freshet washed the bridge away and nearly filled up the ditch, and afterwards defendant, over the protest of plaintiffs, proceeded to reopen the ditch and to cut it much wider and deeper than it was before, and neglected and refused to replace the bridge over the same, whereby plaintiffs were damaged in a stated sum. Defendant also, without the consent of plaintiffs, cut another ditch, for a designated distance, across their land, which ditch emptied into the one first mentioned, and the cutting of this spur ditch injured and damaged plaintiffs in a designated amount. On the trial there was a verdict in favor of plaintiffs for $50. Defendant made a motion for a new trial, which was overruled, and she excepted.

1. In one ground of the motion for a new trial, error is assigned as follows: "Because the court erred in allowing the notice from Annie and Tattie Sutton [the plaintiffs] to Mrs. I. A. Ketron [the defendant] and Dr. I. A. Ketron [defendant's husband and agent] in evidence on any ground and for any purpose." It is obvious that this ground of the motion fails to properly present any question for determination. It is, according to repeated rulings of this court, fatally defective in two particulars. It does not disclose what objection, if any, was made to the evidence when it was admitted; and it fails to show in any way what the contents of the writing were.

2. We are of opinion, however, that a new trial should have been granted upon the general grounds of the motion. The evidence did not authorize a verdict for $50 in favor of the plaintiffs. The record fails to disclose that any evidence was submitted which showed that plaintiffs were damaged by reason of the failure of defendant to maintain a bridge over the main ditch, or in consequence of that ditch having been widened and deepened by defendant, though there was evidence that plaintiffs were damaged by the cutting of this ditch through their land. Such damages could not, however, be recovered, as plaintiffs had consented to this ditch being cut by defendant. The only evidence tending to show the amount of damage to plaintiffs by the cutting of the other, or spur, ditch by defendant was the testimony of one of the plaintiffs, as follows: "The inconvenience by reason of that spur ditch is so great every year we have to have some sort of crossing; year before last we had to have our crop carried out. The little-spur ditch has just ruined the little piece of land. I don't know how much the cutting of that little spur ditch has damaged us, I don't understand these things very well; I never thought about getting anybody to help me estimate that; I think, in my best judgment, that little spur ditch has damaged us about $10 a year. I don't remember what year that was cut; it was just before the time to sow oats the next year after the long ditch was cut; I can't remember whether it was in the spring of 1902. It has been five years, I should think." If this testimony was sufficiently definite and positive to authorize the jury to find that plaintiffs were damaged ten dollars a year by reason of the cutting of the spur ditch, still the evidence was not sufficient to support the verdict for $50, be-

cause the only evidence as to when this ditch was cut is that above quoted; and it not only fails to show that this spur ditch had been in existence five years before the suit was brought, but clearly indicates that this was not true. In the opinion of the witness, it had been, at the time she was testifying, five years since this ditch was cut; but she was testifying at the March term, 1907, of the court, while the petition was filed on February 14, 1905. So, taking her estimate of the time to be true, this ditch had been in existence something like three years when the suit was instituted. But the petition alleged that permission to cut the main ditch was given in the spring of 1902, and, as we have seen, the witness testified that the spur ditch "was cut just before the time to sow oats the next year after the long ditch was cut." Now, if the long, or main, ditch was cut in the spring of 1902, and the spur ditch "was cut just before time to sow oats the next year," it is evident—whether the sowing of spring or fall oats was referred to by the witness—that the spur ditch was not cut until some time in 1903, and, therefore, could not have been in existence five years, even when the case was tried, and could have existed for but very little, if any, more than two years when the action was brought. In an action to recover damages caused by a continuing trespass or nuisance, only the damages sustained up to the time of bringing the suit are recoverable. *Savannah Canal Co.* v. *Bourquin,* 51 *Ga.* 378; *Jones* v. *Lavender,* 55 *Ga.* 228. "When, by reason of a trespass thereon, realty has been so injured as to render it permanently useless and valueless to the owner, the damages thus occasioned are recoverable by him in a single action." *Allen* v. *Macon R. Co.,* 107 *Ga.* 838 (33 S. E. 696); *Danielly* v. *Cheeves,* 94 *Ga.* 263 (21 S. E. 524); *City Council of Augusta* v. *Lombard,* 101 *Ga.* 726 (28 S. E. 994). The reason for the last-mentioned rule is that all the damages have accrued at the time the action is brought. In the present case, according to the testimony which we have quoted, the damages to plaintiffs in consequence of the cutting and maintenance of the spur ditch are such as accrue from year to year while the trespass or nuisance continues. It follows, from what has been said, that the judgment refusing a new trial must be                    *Reversed. All the Justices concur.*