35436. BURLEYSON *v.* WESTERN & ATLANTIC RAILROAD COMPANY.

DECIDED FEBRUARY 18, 1955—REHEARING DENIED MARCH 18, 1955.

*Malcolm C. Tarver*, for plaintiff in error.

*Mitchell & Mitchell, Walton Whitwell*, contra.

GARDNER, P. J. ■ The petition as a whole was properly construed by the trial court as an action seeking damages for maintaining a continuing abatable nuisance or trespass. It is not an action for the recovery of damages for a trespass upon the plaintiff's land such as could not be abated and such as rendered his land wholly and permanently worthless for the uses to which it was adapted, so that the owner could recover all resulting damages, past, present, and future in an action for permanent damages to the plaintiff's lands.

Let us now consider the assignments of error on the demurrers 1 and 2 to paragraph 7. These two grounds attack the following part of paragraph 7 of the petition as follows: "Plaintiff further shows that the damage which has occurred by erosion of his lands on the right bank of said channel has injured and damaged said lands in the amount of at least $100, and that the erosion which occurred at numerous points in said 40 acres tract has permanently injured and damaged the value of said tract in at least $2,000."

The two grounds of the defendant's demurrer asked that the allegations above be stricken for the following reasons: (a) That these allegations seek a recovery for permanent damages to the property for a permanent trespass, whereas the petition shows that the nuisance complained of is an abatable one, and therefore, the measure of damages alleged in this part of the paragraph demurred to is an incorrect measure of damage. (b) That the allegations of paragraph 7 of the petition seek to recover double damages, in that the plaintiff seeks to recover $3,200 for depreciation in the rental value of said 40-acre tract, for the last four years, and also seeks to recover $2,100 as permanent damages to said 40-acre treat, whereas it appears from the petition that the nuisance complained of is an abatable and not a permanent one,

so that the plaintiff can recover for the permanent decrease in value of his property and also for the loss of the use of said property. The defendant asked that—since the petition, properly construed, was one seeking a recovery for damages for maintaining an abatable nuisance or trespass, and was not one seeking damages by alleging the existence of a permanent and non-abatable trespass or nuisance, so as to recover in one action for all resulting damages, past, present or future to his lands from maintaining such nuisance or trespass—the allegations seeking the recovery of the $2,100 item, for permanent damages to the plaintiff's land, be stricken.

In *Southern Ry. Co.* v. *Cook*, 117 *Ga.* 286, 287 (43 S. E. 697), the Supreme Court said: "Where the effect of a trespass upon land is to render it wholly and permanently worthless for the uses to which it is mainly adapted, the owner must bring a single action to recover all the resulting damages, past, present and future. *Allen* v. *Railroad Co.*, 107 *Ga.* 838, 843, and cases cited. Where, however, the nuisance is not of a permanent and continuing character, but one which can and should be abated, the party injured has no right to assume that it will be maintained indefinitely; and his remedy is, not to recover in one action for all past and future damages, but to bring from time to time separate suit for the recurring injuries sustained, instituting each within the period prescribed by the statute of limitations for taking steps to recover damages actually suffered up to the time the action is filed. *Holmes* v. *Atlanta*, 113 *Ga.* 962." Generally, the measure of damages for continuing an abatable nuisance is a diminution of the yearly rental value of the property damaged during the existence of the nuisance and within the statute of limitations, plus any actual damage sustained, and the measure of damages is not the diminution in the market value of the property. See *Reid* v. *City of Atlanta*, 73 *Ga.* 523; *Smith* v. *City of Atlanta*, 75 *Ga.* 110; *Danielly* v. *Cheeves*, 94 *Ga.* 263 (21 S. E. 524); *Warren* v. *Georgia Power Co.*, 58 *Ga. App.* 9 (197 S. E. 338).

We might call attention to another principle of law with reference to damages to a tract of land where a nuisance is committed to a portion of the tract, such as contaminating a well. In such event the measure of damages is diminution of the market

value of the tract by reason of such nuisance rendering the well permanently useless. Perhaps this may be obiter dictum. See *Farley* v. *Gate City Gas Light Co.,* 105 *Ga.* 323 (31 S. E. 193). See also *Mulligan* v. *City of Augusta,* 115 *Ga.* 337 (41 S. E. 604); *Ketron* v. *Sutton,* 130 *Ga.* 539 (61 S. E. 113); and *Central Ga. Power Co.* v. *Stubbs,* 141 *Ga.* 172 (80 S. E. 636).

The Code section and cases cited by the plaintiff in support of his contentions that the judge erred in the judgment on demurrer are not applicable to the instant case, and in no way contravene the ruling of the court on the demurrers in the instant case. These are: Code § 105-1407; *O'Connell* v. *East Tenn., Va. &c. Ry. Co.,* 87 *Ga.* 246 (13 S. E. 489, 13 L. R. A. 394, 27 Am. St. R. 246); *Mayor &c. of Albany* v. *Sikes,* 94 *Ga.* 30 (20 S. E. 257, 26 L. R. A. 653, 43 Am. St. R. 132); *Farkas* v. *Towns,* 103 *Ga.* 150 (29 S. E. 700); *Goble* v. *L. & N. R. Co.,* 187 *Ga.* 243 (200 S. E. 259); and *Southern Ry. Co.* v. *Lester,* 33 *Ga. App.* 136 (125 S. E. 722). The court did not err in its judgment on the demurrers.

■ The general grounds are not argued either in the brief or orally, and are considered abandoned.

■ The 13 special grounds, the first of which is numbered 4, are each and all incomplete within themselves, and for a determination of any of them the court would be compelled to go outside the grounds themselves and consider either the petition, the answer, or the evidence or other grounds of the amended motion. This court has held many, many times that, where a purported special ground is defective in this manner, such ground is not to be considered by this court. We are quite sure that, if distinguished counsel for the plaintiff would examine these grounds, he would readily agree that they are incomplete within themselves.

The court did not err in refusing a new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*