40260. LEDBETTER BROTHERS, INC. v. HOLCOMB.

DECIDED SEPTEMBER 4, 1963.

*Matthews, Maddox, Walton & Smith, Oscar M. Smith,* for plaintiff in error.

*E. J. Clower,* contra.

JORDAN, Judge. 1. The plaintiff alleged in paragraph 14 of the petition as amended that the fair market value of his home was at least $20,000 immediately before the defendant began the operation of its rock quarry and that as a result of the operation of the quarry and the attendant damages to his property resulting therefrom the fair market value of his home was only $12,000 and he sought to recover as damages the sum of $8,127.25, representing the alleged $8,000 reduction in market value of his home and medical expenses in the amount of $127.25 incurred in the treatment of his son for the respiratory ailment allegedly caused by dust from the blasting. Paragraph 14 of the amended petition further alleged that the injury and damage which resulted in the loss in value of the plaintiff's home consisted of the "pollution of the atmosphere with dust and debris, making plaintiff's home uninhabitable unless all windows are kept down; the settling of said dust and debris upon the painted surfaces of said home; the vibration and shaking of plaintiff's home by said blasting operations causing plaintiff, his two minor children and his wife to be constantly apprehensive about the safety of themselves and the children; and because the casting of rocks into plaintiff's yard by said blast of sufficient size to kill or injure his children if hit by same while playing on the outside of the home restricts the full use and enjoyment of his home."

The defendant in grounds 5, 6 and 10 of its additional special demurrers attacked this paragraph and paragraph B of the prayers of the petition on the grounds that the plaintiff under the allegations of paragraph 14 and his prayer for damages was seeking to recover damages for permanent injuries to his property resulting from a permanent trespass, whereas the petition affirmatively showed that the alleged nuisance and trespass complained of was an abatable one and, if there had been any damage to plaintiff's property, it was only of a temporary

nature; and therefore, the measure of damages (that is, the reduction in fair market value of his home) set out in paragraph 14 and upon which the prayer for damages was predicated, was not the correct measure of damages to be applied in this case.

We think these grounds of demurrer are meritorious. The allegations of the petition clearly disclose that the operation of the defendant's rock quarry constitutes, as against the plaintiff, a continuing, abatable nuisance, *Burleyson v. Western &c. R. Co.*, 91 Ga. App. 745, 751 (87 SE2d 166), *Lancaster v. Monroe*, 45 Ga. App. 496 (165 SE 302), *Danielly v. Cheeves*, 94 Ga. 263 (3) (21 SE 524), *Holmes v. City of Atlanta*, 113 Ga. 961, 962 (39 SE 458), for which the measure of damages is generally stated to be the diminution of the yearly rental value of the property during its existence and within the statute of limitation, plus any special damages sustained, if the injury is of a temporary nature, *Warren v. Georgia Power Co.*, 58 Ga. App. 9, 12 (197 SE 338), *Reid v. City of Atlanta*, 73 Ga. 523; *Smith v. City of Atlanta*, 75 Ga. 110; *Athens Mfg. Co. v. Rucker*, 80 Ga. 291 (4 SE 885), *Danielly v. Cheeves*, 94 Ga. 263, supra, *City of Brunswick v. Tucker*, 103 Ga. 233 (29 SE 701), *Langley v. City of Augusta*, 118 Ga. 590 (45 SE 486, 98 ASR 133), *Raymond Boating &c. Club v. Brewer*, 38 Ga. App. 767 (145 SE 464), or the diminution in the market value of the property if the injury is of a permanent nature, plus any special damages sustained. *Hodges v. Pine Product Co.*, 135 Ga. 134 (4), 139 (68 SE 1107, 33 LRA (NS) 74, 21 AC 1052) ; *Central Ga. Power Co. v. Stubbs*, 141 Ga. 172 (80 SE 636) ; *Farley v. Gate City Gas Light Co.*, 105 Ga. 323 (31 SE 193) ; *Ketron v. Sutton*, 130 Ga. 539 (61 SE 113) ; *Southern R. Co. v. Cook*, 117 Ga. 286 (43 SE 697) ; *Mulligan v. City of Augusta*, 115 Ga. 337 (41 SE 604).

The allegations of the plaintiff's petition in this case affirmatively show that the asserted loss in market value of his home is predicated upon the alleged discomfort, inconvenience, annoyance and anxiety caused to him and the members of his family by the day-by-day operation of the defendant's rock quarry; and it does not appear from the allegations of the petition that any damage of a permanent nature has inured to the plaintiff's property. The plaintiff cannot assume that such operations will

continue indefinitely. The conditions complained of in paragraph 14 of the petition would be remedied by the cessation of the blasting operations. Under these circumstances, while the defendant would be liable in damages for the temporary interference in the plaintiff's use and enjoyment of his property occasioned by the maintenance of the alleged nuisance or trespass, *Barrow v. Georgia &c. Aggregate Co.*, 103 Ga. App. 704 (4) (120 SE2d 636), in the absence of allegations showing a permanent trespass or permanent injury to the property, the alleged reduction in the fair market value of the plaintiff's home was not an appropriate measure of damages. The trial court therefore erred in overruling grounds 5, 6 and 10 of the defendant's additional special demurrers to the petition.

The remaining grounds of special demurrer are not meritorious.

2. The amended petition in this case alleged an actionable nuisance, and the plaintiff being entitled under the allegations of the petition to some of the damages prayed for, it was not error to overrule the general demurrer. *Lancaster v. Monroe*, 45 Ga. App. 496 (4), supra (4).

*Judgment affirmed in part; reversed in part. Nichols, P. J., and Frankum, J., concur.*