GEORGE T. FRY, plaintiff in error, *vs.* MARGARET B. LOF-
TON, defendant in error.

1. This Court will not control the discretion of the Court below in
   granting a new trial, when that discretion has been properly exercised,
   as it was in this case.
2. Where an attorney was employed by an executor to aid her in winding
   up and settling an estate, an action for his fee will not lie till twelve
   months after the qualification of the executor, that being the shortest
   time allowed for closing up an administration; nor can he recover one-
   half of the fee in such case, as a retainer under the 441st section of
   the Code. (R.)
3. An attorney can not recover for professional services without proof of
   their value.

New Trial. Assumpsit *Quantum meruit.* Special con-
tract. Before Judge HOPKINS. DeKalb Superior Court.
September Term, 1871.

Fry brought assumpsit against Mrs. Lofton for profes-
sional services by him, as her attorney-at-law, for $1,000,
less $42 paid, and for $500 upon a special contract with
her for that sum, promised in consideration that he would
act as her counselor and attorney-at-law in the general man-
agement and administration of her deceased husband's estate,
including the probate of his will, and her appointment and
qualification as executrix of his will, and all services requested
by her touching the administration of said estate.

On the trial, Fry showed that the husband died on the 9th
of August, 1870, that he rendered said *specified* services for
the defendant, and was ready to render all else that might
be necessary; gave evidence tending to show such special con-
tract, and that she and he disagreed about his fee, and that
she discharged him, and he sued her as aforesaid on the 30th of
said month. He did not prove the value of the services ren-
dered. The Court charged the jury that he could not re-
cover on his first count, without proving the value of the
services, and could not recover on his special contract until

the end of the administration of the estate.    The jury found for Fry, $257 27 and costs.

Defendant's counsel moved for a new trial, because the verdict was contrary to said charge, etc.    The Court granted a new trial, and that is assigned as error.

E. N. BROYLES, for plaintiff in error.

HILL & CANDLER, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff, as an attorney-at-law, against the defendant, for professional services.    The declaration contained two counts, one on an alleged *special* contract to pay him $500, for his services in the particular case, and the other was on an account stated.    On the trial of the case, the jury found a verdict for the plaintiff for the sum of $257 27.    The Court below set aside the verdict, and granted a new trial; whereupon the plaintiff excepted.    It appears from the record that the plaintiff testified, that on the 9th day of August, 1870, James B. Lofton, the defendant's intestate, died, leaving the defendant his executrix and principal legatee; that soon after the testator's death and burial, the defendant employed the plaintiff to counsel and advise her in the winding up and settlement of the estate, for which service he told her he would not charge *exceeding* $500; that he rendered services in having the will admitted to probate, both in common and solemn form; went to her house to counsel and advise her, etc .    In a short time the parties disagreed about the fee to be paid, and the defendant notified the plaintiff that she did not desire his services any longer, whereupon this suit was instituted.    The plaintiff was not entitled to recover on the alleged *special* contract, because the suit was instituted before the expiration of twelve months from the time of defendant's qualification as executrix, the shortest time within which the estate could have been settled

and wound up according to law, the suit having been instituted on the 27th August, 1870, and the testator having died on the 9th day of the same month, according to the plaintiff's evidence.  Although the plaintiff was entitled to recover on the account stated for his professional services rendered the defendant up to the time of his discharge as her attorney, whatever amount those services were proved to have been worth, the legal difficulty in the way of sustaining the verdict, on that count in the declaration, is the fact that the evidence in the record does not show what those services were worth.   It is not sufficient to entitle the plaintiff to recover, to prove that he has rendered professional services to the defendant; he must prove what those services were worth.  There being no evidence as to *the value* of the services rendered, there was no error in the Court below in setting the verdict aside and ordering a new trial.

This was not such a contract for a fee in the case as would authorize the plaintiff to recover one-half of $500, as a retainer under the provisions of the 441st section of the Code.

Let the judgment of the Court below be affirmed.