SEABOARD & ROANOKE RAILROAD COMPANY *et al v.*
AMBROSE.

1. Where one railroad company erected a dam amounting to a nuisance on the
   land of another and subsequently leased the railroad to other companies, and
   the evidence was conflicting as to whether the lessee, increased the height of
   the dam, it was error to charge, in a suit against the lessees, that if the
   lessees maintained the dam they would be liable for damages, and " they
   were not required to have notice to abate before action for damages " was
   brought against them.
2. When this case was here before, the judgment granting a nonsuit was re-
   versed, not on the ground that notice was not essential to make the lessees
   liable, but on the ground that there was evidence from which the jury could
   have found that the defendants had originally built the dam and had subse-
   quently increased its height, and could under these circumstances be found
   liable even without notice.

Argued January 8, — Decided February 1, 1905.

Action for damages. , Before Judge Russell.    Gwinnett supe-
rior court.    January 18, 1904.

*Erwin & Erwin, T. M. Peeples*, and *N. L. Hutchins Jr.*, for
plaintiffs in error.
*C. H. Brand, N. L. Hutchins*, and *Oscar Brown*, contra.

SIMMONS, C. J.    Suit for damages was brought by Ambrose
against the Seaboard and Roanoke Railroad Company and the
Raleigh and Gaston Railroad Company, lessees of the Georgia,
Carolina and Northern Railway Company.    Petitioner claimed
that the defendants had erected a dam across a stream on his land
without his consent, and that by reason of the maintenance of this
dam his land was injured and his crops destroyed.    He prayed
damages for the injury to the land and for the destruction of the
crops.    On the trial of the case the petitioner's evidence tended
to show that the dam had been erected by the defendants, or that,
even if originally erected by their lessor, it had been. increased in
height by defendants since the date of the lease, increasing the
damage to petitioner's property.    The evidence of the defendants
tended to show that the dam had been erected by the lessor com-
pany before defendants went in under the lease, and had not been
raised or increased in height since that time.

1. The trial judge charged the jury as follows:    " I charge you
further, if you believe from the evidence that the Georgia, Caro-

lina and Northern Railway Company placed a dam in a creek at a point on plaintiff's land (not on the right of way) without the permission of the plaintiff, that the company committed a trespass for which it would be liable to the plaintiff in damages. If you further believe that the defendants, the Seaboard and Roanoke Railway Company and others, lessees of the Georgia, Carolina and Northern Railroad, after taking possession of said railroad, used said dam and maintained it without the consent of the plaintiff, they would be likewise liable for any damages committed, and they were not required to have notice to abate before action for damages occasioned by such trespass is brought against them." In the motion for new trial the defendants complained of this charge. The complaint is, we think, well founded. Where the alienee of property on which is situated a nuisance does anything to increase the nuisance, he may be sued without notice to abate. This the judge charged the jury was the law. The further instruction above set forth is not sound. If the alienee of such property has done nothing to increase the nuisance which was erected by his alienor, then he is not liable to suit until after he has received notice to abate and has failed to comply with the same. *Middlebrooks* v. *Mayne*, 96 *Ga.* 449. The evidence in this case was conflicting upon the vital question as to whether the defendants had merely maintained the dam as they received it from their lessors or had themselves built or increased it. The erroneous charge of the court was therefore calculated to hurt them. Counsel for the defendant in error contended that the charge was harmless, because the record showed that the defendants had been given notice to abate the nuisance and had failed to comply. The only evidence of notice to the defendants is found in the plaintiff's evidence to the effect that he told an employee of the company that he ought not to maintain the dam; that the employee replied that he had to do it; that from this employee plaintiff got the name of St. John and wrote him. It does not appear that "St. John" ever received the letter, or that it was sent by mail. Nor does the record show who St. John was, or what connection he had with the defendants, whether he was president or director, or not connected with them at all. The employee to whom plaintiff made his objection was the person who was in charge of the water-tank at the dam, but it does

not definitely appear at what time the objection was made to him. Whether notice to an employee whose business it is to attend to a pumping station would be a sufficient notice is a question not made by the present record.

2. The trial judge, in his order refusing a new trial, stated that he did so because of the former decision of this court in the same case (115 *Ga.* 475), stating that a judgment granting a nonsuit on the ground that there had been no notice given had been reversed. The reversal of the judgment when the case was here before was not because this court deemed notice unnecessary where the lesses had merely maintained the nuisance as it had been turned over to them, but because there was evidence from which the jury could have found that the defendants had originally built the dam or that they had increased its height after taking possession under the lease, and that these issues ought to have been submitted to the jury. No express ruling was made upon any general question of law, and there was certainly no intention to change a well-established legal principle, one which appears in our Civil Code, § 3862.

*Judgment reversed. All the Justices concur.*