## 1397. CUTTER-TOWER COMPANY *v.* CLEMENTS.

1. The verdict in favor of the plaintiff was as large as the evidence in his favor justified, and he therefore can not be heard to complain of the finding.

2. A motion to reopen a case for the introduction of further testimony, after the evidence is closed, is addressed to the sound discretion of the court; and the exercise of the court's discretion as to reopening a case should not be hampered by unreasonable conditions. A party, however, who has made a meritorious motion should stand upon the propriety of that motion and invoke an unconditional ruling thereon. Assent to an error waives the right to complain of that error.

3. While secondary evidence of the contents of a writing is admissible when the writing is beyond the jurisdiction of the court, yet a writing which is or should be in the possession of one of the parties to the cause can not be said to be beyond the jurisdiction, until it has been determined, upon notice to produce, that the writing is not in the power, custody, or control of such party.

4. A contract for the rent of a machine, which provides that the rental shall not terminate until the return of the machine, and yet also stipulates that the machine shall not be removed from the place of residence of the bailee without the written permission of the bailor (who proposed and prepared the contract), may be construed as an agreement requiring the bailee, after notifying the bailor of his desire for a termination of the contract of rental, to await direction from the bailor as to the disposition of the personalty rented.

Complaint, from city court of Nashville—Judge Peeples. September 7, 1908.

Submitted November 25,—Decided December 8, 1908.

*W. R. Smith,* for plaintiff.

*Buie & Knight,* for defendant.

RUSSELL, J. Cutter-Tower Company sued Clements upon an account for $44, for rent of a typewriter. The account which was the basis of the suit, and which was attached as an exhibit to the plaintiff's petition, was as follows: "Henry W. Clements, Lenox, Ga., bought of Cutter-Tower Company, manufacturers of wood toothpicks, stationers, specialties and advertising novelties. Selling agents of the Franklin Typewriter. . . Rent of typewriter from April 2, 1906, to April 2, 1907, twelve months, $48.00. Credit March 2, 1906, $4.00." The jury rendered a . verdict in favor of the plaintiff, for $20. Thereupon the plaintiff moved for a new trial, and now excepts to the overruling of that motion.

1. Upon the trial the plaintiff corporation introduced the defendant as its only witness. There was, therefore, no other proof as to the time during which the defendant used the typewriter than the defendant's own testimony. The only definite length of time to which he testified was six months; the rental for which, under the terms of the plaintiff's own account, would have amounted to $24. The defendant also testified that he paid $4. So that, under the testimony adduced by the plaintiff itself, the verdict rendered in its favor was as large as can be justified by the evidence. Clearly, then, there is no merit in the ground complaining that the verdict is contrary to the evidence. The plaintiff sued upon an open account. It was its duty to prove the account, and it only proved six months, instead of eleven. Having introduced the defendant, it was bound by his evidence unless it produced other testimony. *Alexander* v. *State,* 1 *Ga. App.* 289 (57 S. E. 996).

2. In · an amendment to the motion for new trial it is insisted that the verdict is contrary to law and evidence, because, under the terms of the contract executed by the defendant, he was precluded from setting up that he had offered to return the typewriter, or from testifying as to any failure of consideration; for the reason that under the terms of the contract he promised to pay

$4 per month as rent until the typewriter was actually returned. The contract was as follows: "Received of Cutter-Tower Company typewriter No.——, for which I agree to pay $4.00 per month as rent, on the first day of each month in advance, until returned to them in good order as received, reasonable wear and tear from ordinary use excepted. All paid as rent will be allowed on the purchase of machine. [Signed] Henry W. Clements. Witness, C. R. O'Quinn. Paid $4.00. It is further agreed that this typewriter is not to be removed from the address originally given, except with the written permission of Cutter-Tower Company." The contract was not made the basis of the suit; and, as the evidence closed without the introduction of the contract, and as the second ground of the amended motion assigns error upon the admission of testimony from the defendant, upon cross-examination, that he had offered to return the typewriter, by a letter written to the plaintiff, we shall consider the first and second grounds together.

As we have already stated, the plaintiff introduced the defendant as the witness by which it sought to prove its case, and, as appears from the note of the presiding judge, the court had declined to allow any testimony as to the contents of the letter said to have been written by the defendant to the plaintiff (holding that the letter was the best evidence of its contents), and the case was closed without tendering the contract in evidence. As certified by the judge, a request was made to reopen the case for the purpose of introducing the contract, and, upon objection of the defendant's counsel, it was agreed by counsel that if the contract went in, evidence of the contents of the letter should also be submitted. We do not think that the exercise of the court's discretion in reopening the case for the purpose of admitting the contract should have been hampered (if such was the case, as insisted by counsel for the plaintiff in error) by any condition providing for the admission of testimony which the court had already properly ruled to be inadmissible. But the plaintiff's counsel, having agreed to the terms proposed, is estopped from deriving any advantage from this error. It was his right to make his motion that the evidence be reopened, and stand upon the propriety of that motion, and invoke the discretion of the court thereupon, free from any limitation. Even if the court desired to attach a

condition to the grant of the motion, it was the right of the plaintiff to have no condition engrafted upon his motion. But having agreed for the court to commit an error (even though the purpose of the agreement was to induce the court to reopen the case), he can not now derive, from the erroneous admission of the other testimony, that advantage upon which otherwise he might have been entitled to insist. If the court had declined to reopen the case for the admission of the contract (and if, under the circumstances, such refusal had amounted to abuse of discretion), the plaintiff would have had its remedy, but when it consented to the admission of the illegal testimony, even though this was done under terms imposed by the court, it can not complain.

3. There is no merit in the contention made by defendant's counsel, that the contents of the letter were admissible because the letter was beyond the jurisdiction of the court. Secondary evidence is admissible in cases where the original paper is in the possession of persons beyond the jurisdiction of the court, *other than parties to the cause,* but a notice to produce, served upon counsel for the plaintiff, should first have been resorted to. This principle is clearly stated in *Frank* v. *Longstreet,* 44 *Ga.* 187 (4). It is true, that "where a writing is beyond the jurisdiction of the court, secondary evidence of its contents is admissible" (*Lunday* v. *Thomas,* 26 *Ga.* 537) ; but where the writing is, or should be, or would reasonably be expected to be, in the possession of one of the parties to the cause, it is not inaccessible; because a party is subject to a notice to produce, as an incident to the court's jurisdiction, and this notice should be resorted to. This rule is also referred to in *Bowden* v. *Achor,* 95 *Ga.* 250 (22 S. E. 254). There is a difference as to the exercise of the court's discretion where the lost paper is not in the possession of a party, which is referred to in *Cox* v. *McDonald,* 118 *Ga.* 414 (45 S. E. 401). The admission of the secondary evidence in the present case, however, did not contribute to a finding which was harmful to the plaintiff in error; for (as we have shown in the first division of this opinion) the amount of the verdict rendered was as much as the plaintiff in error, under its evidence, was entitled to recover.

4. With all of the evidence in, the defendant showed that he had tendered back the property; and this, we think, he had a right to show. The contract, it is true, provides that he was to

return the machine, yet not only may a tender, properly made, be equivalent to performance in such case (Civil Code, §3728), but in the present instance the very terms of the contract prohibited the defendant from moving this typewriter without the written permission of the Cutter-Tower Company. A contract is to be construed as an entity. The term "contract" usually refers to a writing. All contracts are to be construed most strongly against the party who prepares and proposes the writing. A contract for the rent of a machine, which provides that the rental shall not terminate until the return of the machine, and yet stipulates in addition that the machine shall not be removed from the present address of the bailee without the written permission of the bailor, can very well be construed as an agreement requiring the bailee, after notifying the bailor of his desire for a termination of the contract of rental, to await direction from the bailor as to the shipment or other further disposition of the personalty rented him. In many instances, as in the present, it might be to the advantage of the bailor to have the machine shipped to some other, near-by customer, rather than to its home office in a distant State. This may have been the purpose sought to be accomplished by the stipulation forbidding the removal of the typewriter from Lenox, Georgia, without the permission in writing of the Cutter-Tower Company, whose place of business is Boston. Construing the contract as a whole, it seems to have been the intention of the parties that Clements should notify the Cutter-Tower Company when he desired the contract of rental (which is indefinite) to cease, and thereupon be directed by them where to ship or deliver their machine. As stated above, the original letter (brought by a notice to produce) would have been the highest evidence of the notification, and should have been produced, but the proof of the contents sufficed as a substitute, under the agreement entered into by counsel for the plaintiff in error, or rather his failure to insist upon his motion to reopen the case, as disconnected with the condition that he consent that the contents of the letter be proved by parol.

*Judgment affirmed.*