21408.  SAVANNAH ELECTRIC & POWER COMPANY *v.* HORTON *et al.*

BELL, J.  1.  In this suit for damages for an alleged trespass by the defendant electric company in attaching to an outer wall of a brick garage of the plaintiffs certain brackets or supports for wires used by the defendant in conveying electric current to several of its customers in the vicinity, the jury were authorized to find, from the testimony and from the physical facts and circumstances as developed by the evidence, that the penetration of the wall with the 20-penny nails with which the brackets or supports were fastened to the building, and the constant swaying of the wires by the wind during a long period, resulted in the cracking and damaging of this, the western wall, as claimed by the plaintiffs, and also that the interference with the stability of this wall, including the strain and vibration, extended to the northern wall, causing the cracking and bulging of the latter wall, as alleged; and this is true notwithstanding a contractor and architect both testified that they did not see how the alleged acts of trespass could have damaged the walls as claimed, the weight to be given to the opinions of these witnesses being a matter for the jury.  *Rouse* v. *State,* 135 *Ga.* 227 (69 S. E. 180).

(a) The positive testimony of a witness that a visible crack existed in the western wall was not absolutely overcome and rebutted by the introduction of a photograph of the wall, which failed to show any such physical condition.  The photograph was to be considered only in connection with the other evidence, and was not conclusive.  *Pace* v. *Cochran,* 144 *Ga.* 261 (6) (86 S. E. 934); Higgs *v.* Minneapolis, St. Paul &c. Ry. Co., 16 N. D. 446 (114 N. W. 722, 15 L. R. A. (N. S.) 1162, 15 Ann. Cas. 97).

2. In every tort there may be aggravating circumstances, which may exist "in the act," as well as in the intention, and in that event the jury may award additional or exemplary damages.  Civil Code (1910), § 4503.  If a person commits a trespass with knowledge that he is acting without right, exemplary or punitive damages may be awarded.  Watkins *v.* Gale, 13 Ill. 152; Mississippi River Logging Co. *v.* Page, 68 Minn. 269 (71 N. W. 4); St. Clair *v.* Cash Gold Mining Co., 9 Colo. App. 235 (47 Pac. 466).  While it may be true that the burden is upon the plaintiff to prove that the trespass was wilful (*Milltown Lumber Co.* v. *Carter,* 5 *Ga. App.* 344 (3), 63 S. E. 270), evidence that the trespass was committed upon property which the defendant knew belonged to another would be sufficient for this purpose.  Cf. *City & Suburban Railway* v. *Brauss,* 70 *Ga.* 368 (2); *Georgia Railroad* v. *Homer,* 73 *Ga.* 251 (2).

(a) The jury were authorized to find that the damage to the property amounted to as much as $200, and the verdict for $250 was not contrary to law nor to the evidence because it must have included at least $50 as punitive damages; nor was the charge upon the subject of punitive damages erroneous as being unwarranted by the evidence.

3. "A grantee or alienee of property causing a nuisance is not liable for damages caused by its continued maintenance and accruing prior to a notice or request to abate." (*Roberts* v. *Ga. Ry. & Power Co.*, 151 *Ga.* 241, 106 S. E. 258, 14 A. L. R. 1089; Civil Code of 1910, § 4458); but it is also the rule that "where the alienee of property on which is situated a nuisance does anything to increase the nuisance, he may be sued without notice to abate." *Seaboard & Roanoke R. Co.* v. *Ambrose,* 122 *Ga.* 47, 48 (49 S. E. 815). Upon proof that the defendant was in the use and control of the wires attached to the plaintiff's building, the burden of evidence was shifted to the defendant to establish its contention that the original and only trespass was committed by another company whose wires and equipment it had purchased. Bunke *v.* New York Telephone Co., 110 App. Div. 241 (97 New York Sup. 66), affirmed in 188 N. Y. 600 (81 N. E. 1161); Milton *v.* Puffer, 207 Mass. 416 (2) (93 N. E. 634, 32 L. R. A. (N. S.) 1010). As to this issue the evidence was that the defendant's predecessor had attached only two wires to the building during its ownership, and that numerous other wires were added later by the defendant, one witness having testified positively and without dispute to this fact. Thus, assuming without deciding that the rule as to notice to an alienee of property causing a nuisance might otherwise be applicable in a case of continuing trespass, the rule could have no application in the present case, since it appears without dispute that the defendant continued and increased the trespass, and therefore was not entitled to notice or a request to desist as a condition precedent to liability.

4. The defendant pleaded that "any act of trespass" upon the plaintiffs' property was barred by the statute of limitations, "more than four years having elapsed since the original entry." This was not a valid plea of the statute of limitations, since in a case of continuing trespass the entire cause of action will not be barred merely because "the original entry" occurred more than four years before the commencement of the action; but, even assuming that the plea was sufficient to raise some question as to the statute of limitations, a charge to the jury that an action for trespass should be brought within four years from accrual of the cause of action, but that if the jury should find that this was a continuing trespass and that it continued to a period within four years from the commencement of the action, they should "find against the plea of the statute of limitations," was entirely responsive to the plea *as framed* (*Monroe* v. *McCranie,* 117 *Ga.* 890, 45 S. E. 246; *Gabbett* v. *City of Atlanta,* 137 *Ga.* 180, 73 S. E. 372), and was not erroneous upon the ground that it "confused the law relative to a completed trespass of a permanent nature with the rule of law relative to a continuing trespass," nor upon the ground that "if a permanent trespass has been committed and completed, the bar of the statute of limitations would run from the time of its completion."

5. The charge that "damages for a continuing trespass are limited to those which have occurred before the action is commenced" was not subject to the exception that "the court should have instructed the jury that if they found there was a continuing trespass, damages could only be allowed covering a period within four years prior to the time when the action was commenced." The defendant at most had pleaded the

statute only as to "the original entry" and had raised no question of limitation as to damages for repeated or continuing acts of trespass. Moreover, this charge was not given in connection with the other charge on the question of limitation, and was clearly not intended as a reference to that subject. The language excepted to was taken by the court from section 4480, all of which was given in the charge, the intent of this section being that in a suit for continuing trespass the plaintiff can not recover damages arising after the suit is filed, except as a "new cause of action," to be declared upon in a new and different suit. The charge complained of may have been irrelevant, but it was not excepted to upon this ground, and was not erroneous upon any ground taken.

6. The above rulings will dispose of all exceptions to the charge of the court as insisted upon in this court. The evidence authorized the verdict, and the judgment refusing a new trial was not erroneous for any reason urged.   *Judgment affirmed.   Jenkins, P. J., and Stephens, J., concur.*

DECIDED JANUARY 14, 1932.

*Abrahams, Bouhan, Atkinson & Lawrence,* for plaintiff in error.
*John Z. Ryan,* contra.