STAHL, executor, *v.* RUSSELL, executrix, *et al.*

CANDLER, Justice. Henry G. Stahl, as executor of the estate of Miss Della Russell, filed, in the Superior Court of Polk County, a petition in which he prayed for a construction of E. B. Russell's will. He alleged that Mrs. Susie R. Russell, individually and as executrix of E. B. Russell's estate, and Charles Beasley were asserting a claim to certain property which his testatrix took under the will of E. B. Russell; and that he could not safely close Miss Russell's estate until that controversy was settled. He attached to his petition a copy of E. B. Russell's will, the fourth item of which is as follows: "I give and bequeath to my sister, Miss Della Russell, a one-third interest in the

Cedartown Standard or in the Standard Publishing Company, a corporation, if at the time of my death the publishing business is being operated by the corporation, and one-third of my real estate in the City of Cedartown, Polk County, Georgia. At the present time, I am undecided as to whether I shall continue to publish the Cedartown Standard as an individual, or whether I shall operate the publishing business through the Standard Publishing Company, which is a corporation. If at the time of my death, the Standard Publishing Company is operating the publishing business, I direct my executrix to have sufficient stock therein issued to my sister to comply with this request. My said sister may hold the one-third interest in the real estate bequeathed to her in joint tenancy with the other legatee in this will, or she may at her election require a deed made, conveying her one-third of such real estate, or in case same is not susceptible of division in kind, she may require the property sold and the proceeds divided; and my wife is also given the same rights with reference to requiring a division of the property as I give to my sister. I give the above property to my sister, and she is to manage, control, sell, encumber, or convey the same and dispose of the proceeds according to her own will, and any residue of said property or the proceeds thereof that she may die possessed of, I give and bequeath to my wife, Susie R. Russell, and at her death or in the event of her prior death, I give and bequeath the same to Charles Beasley in recognition of his long and faithful service. Should either my sister, Della Russell, or my wife, Susie R. Russell, survive the said Charles Beasley, then the residue of the property bequeathed to my sister shall be disposed of in the same manner as is provided for the residue of the property bequeathed to my wife, as provided in item five of this will." It was also alleged in the petition that Miss Russell took an absolute fee-simple estate in the property bequeathed to her by item four of the will, and that upon her death neither Susie R. Russell nor Charles Beasley took any interest in the same under E. B. Russell's will. Mrs. Susie R. Russell filed a written response to the petition, and Charles Beasley made a personal appearance at the hearing. No demurrer to the petition was interposed, no evidence was offered by either of the parties, and the parties stipulated that the only question involved in the case was the character of the estate bequeathed to Miss Della Russell by item four of E. B. Russell's will. The exception here is to a ruling that Miss Russell took only a life estate with a power of sale, which was never exercised; and that no interest in any of the property bequeathed to her by E. B. Russell vested in the representative of her estate, but was subject to administration under the terms of E. B. Russell's will. *Held:*

1. "Equity will not interfere with the regular administration of estates, except upon the application of the representative, either, first for construction and direction, second for marshaling the assets; or upon application of any person interested in the estate where there is danger of loss or other injury to his interests." Code, § 37-403. And the personal representative of a deceased legatee is a person interested in the estate of a deceased testator within the meaning of the above Code section. *Darby* v. *Green,* 174 *Ga.* 146 (162 S. E. 493).

2. If the judgment excepted to is right for any reason, it will be affirmed by this court. *Cash* v. *Cash*, 180 *Ga.* 567 (1) (179 S. E. 629); *Coker* v. *Atlanta*, 186 *Ga.* 473 (1) (198 S. E. 74); *Guffin* v. *Kelly*, 191 *Ga.* 880, 890 (4) (14 S. E. 2d, 50.)

3. The unerring guide to a court in construing a will is the testator's intention, if legal. To determine this, the court must look to the entire will and the circumstances surrounding the testator at the time of its execution, in so far as these circumstances legally appear. The right of making a testamentary disposition of one's property could easily be defeated by the courts if they were not bound by this salutary rule. Code, § 113-806; *Grant* v. *Grant*, 187 *Ga.* 807, 812 (2 S. E. 2d, 421).

4. There is no merit in the contention that Miss Della Russell took a fee-simple title in all of the property devised to her by the fourth item of E. B. Russell's will. "An absolute or fee-simple estate is one in which the owner is entitled to the entire property, with unconditional power of disposition during his life, and which descends to his heirs and legal representatives upon his death intestate." Code, § 85-501. Undoubtedly, from the language used by the testator in this case, he did not intend to create and vest in his sister, Miss Della Russell, an estate in the property devised to her which would in the event of her death intestate descend to her heirs at law and personal representative; but the words employed by him, under the provisions of § 85-502 of the Code, clearly show his intention to vest in her a fee-simple estate with an executory limitation defeasible upon her dying either without having disposed of the property bequeathed to her, or being in possession, at the time of her death, of any of the proceeds derived by her from a sale of the same. In this connection, see Mitchell, Real Property, p. 186; *Burton* v. *Black*, 30 *Ga.* 638; *Matthews* v. *Hudson*, 81 *Ga.* 120 (7 S. E. 286, 12 Am. St. R. 305); *Hill* v. *Terrell*, 123 *Ga.* 49 (51 S. E. 81); *Tyler* v. *Theilig*, 124 *Ga.* 204 (52 S. E. 606); *Reynolds* v. *Dolvin*, 154 *Ga.* 496 (114 S. E. 879); *Sanders* v. *First National Bank of Atlanta*, 189 *Ga.* 450 (6 S. E. 2d, 294); *Jenkins* v. *Shuften*, 206 *Ga.* 315 (57 S. E. 2d, 283). The court therefore properly held that all of the property, or the proceeds received from a sale of the same, in the possession of Miss Della Russell at the time of her death, which she had taken under the will of E. B. Russell, should be surrendered to the executor of the latter's estate for disposition under the terms of his will; and that Della Russell's estate had no further interest in the same after her death.

*Judgment affirmed. All of the Justices concur.*

No. 17000. MARCH 14, 1950. REHEARING DENIED MARCH 27, 1950.

*C. C. Bunn Jr.*, for plaintiff.
*E. S. Ault*, for defendants.