118 Ga. App. 149 (1968)
162 S.E.2d 803
NORTH GEORGIA FEED & POULTRY COMPANY
v.
ULTRA-LIFE LABORATORIES.
43665.
Court of Appeals of Georgia.
Submitted May 7, 1968.
Decided July 8, 1968.
*150 Reed & Dunn, Robert J. Reed, for appellant.
Raymond F. Schuder, for appellee.
QUILLIAN, Judge.
1. The defendant complains that the trial judge erred when he excluded the deposition of the plaintiff's *151 president which the defendant attempted to introduce into evidence. At that time counsel for the defendant explained that plaintiff's witness had testified that certain credits were given to the defendant by reason of merchandise which the defendant had returned; that this witness had given as an explanation for the difference in the amount originally charged and that amount which was credited to the defendant's account resulted from feed costs which the plaintiff charged to the defendant. Counsel for the defendant stated that he wished to introduce the deposition for two reasons: (1) to show that the actual cost of the difference resulted from a decrease in the market price of the feed substance, and (2) that additional feed was "put into interstate commerce" to be returned to the plaintiff by the defendant. Counsel stated, "We expect to show that even though that feed was purportedly damaged or lost in transit, that the feed was received at East St. Louis by the plaintiff and that the plaintiff's claim would be on the motor carrier for that damaged merchandise rather than on the shipper."
While a deposition is admissible under Code Ann. § 81A-126 (d) (Ga. L. 1966, pp. 609, 635; 1967, pp. 226, 233) (former Code Ann. § 38-2101 (d); Ga. L. 1959, pp. 425, 426) and it may be error to exclude such deposition, the correctness of its admission or exclusion is still predicated on the harmful error rule. Morris v. Johnson, 222 Ga. 76 (148 SE2d 392). The instant deposition, which was included in the record, contains no testimony to the effect that the difference in the price originally charged and that credited to the defendant was a result of a decrease in the market value of the items involved. Furthermore, while there is evidence from which it may be inferred that the plaintiff was aware of the defendant's returning additional items, there was no testimony that such items were actually received by the plaintiff. Since the deposition did not support the defendant's contentions, there was no error harmful to the defendant in excluding it.
2. The evidence as given by the officer of the plaintiff corporation conclusively showed that the defendant was indebted to the plaintiff for the full amount sued for. On cross examination when the witness was questioned as to the basis of *152 the credit memorandum he denied that the market value had anything to do with the credit allowed on the poultry feed and further disclaimed any knowledge of any feed that might have been lost in shipment stating, "We gave them credit on what we received." Therefore, there was no evidence that the plaintiff was entitled to any less than the full sum for which he received judgment, that is, $1,185.23, and the plaintiff was entitled to a directed verdict.
While it is true that the actual motion for directed verdict was made prior to the time the defendant closed his case, as pointed out in the case of Cox v. Zucker, 214 Ga. 44, 59 (102 SE2d 580), a motion for directed verdict is not essential where the evidence demanded a verdict.
3. Any issue raised by the enumeration of error regarding the motion for nonsuit is controlled by the ruling we have made in the second division of this opinion relative to the directed verdict.
Judgment affirmed. Bell, P. J., and Hall, J., concur.