### 47582. UPSHAW v. COOPER.

EVANS, Judge. Bobby Cooper sued Phoetis Upshaw for personal injuries arising out of the allegedly deliberate and intentional shooting of the plaintiff by the defendant with a pistol. The defendant answered, denying the principal allegation of the complaint, and contended that plaintiff was the wrongdoer at the time plaintiff was shot. Defendant also alleged that because of the extreme and outrageous conduct of the plaintiff, severe emotional

distress was inflicted upon the defendant, whereby the defendant is entitled to recover damages. The case proceeded to trial before a jury, and there the defendant filed a plea of justification in which he stated that he did in fact shoot the plaintiff, but further stated that the shooting was justified, and that he was authorized by law to do so because the plaintiff was threatening to take his life. In a colloquy with the court, before evidence was submitted, the court ruled that the plea of justification imposed upon defendant the burden to establish that plea "not with reference to the shooting but with reference to the entire case," and that such plea of justification would entitle defendant to open and conclude argument to the jury. Based upon this ruling of the court, defendant elected to dismiss his plea of justification. Both parties then submitted evidence, and the jury returned a verdict in favor of the plaintiff in the amount of $7,000.

A motion for new trial was filed, heard and overruled. The appeal is from the denial of the motion for new trial in which only the general grounds are insisted upon. Error is likewise enumerated to the court's ruling on the plea of justification which counsel contends forced him to dismiss same rather than admit a prima facie case as to the entire case. *Held:*

1. The defendant contends that the filing of his plea of justification entitled him to open and conclude the arguments to the jury. But he contends the trial court went too far in holding that such plea of justification shifted the burden of proof to defendant, both as to negligence and as to the amount of damages; and that the trial court's holding was that plaintiff had a prima facie right to recover the amount of damages sued for, without the introduction of any evidence, upon the filing of said plea. Defendant contends that such ruling forced him to dismiss his plea of justification, and that the court's construction and holding as to his plea of justification was error.

We do not reach this question and therefore do not decide

whether the trial court's holding was erroneous or not. The defendant is not in position to complain of the judge's ruling because he acquiesced in the ruling by withdrawing his plea of justification. No matter how erroneous the ruling might have been (and we express no opinion on this question), a litigant cannot submit to a ruling, acquiesce in the ruling, and still complain of same. He is required to stand his ground and fight in order to successfully enumerate as error an erroneous ruling by the trial judge. Acquiescence completely deprives him of the right to complain further; he has agreed that the trial court's ruling was correct by submitting to it. *Cutter-Tower Co. v. Clements,* 5 Ga. App. 291 (2) (63 SE 58).

2. The evidence is conflicting as to the shooting, and as to the degree of pain and suffering. The amount of damages as to pain and suffering in such cases is left to the enlightened consciences of impartial jurors conscientiously seeking to arrive at the truth. *Redd v. Peters,* 100 Ga. App. 316, 318 (111 SE2d 132). This court cannot say that the verdict was unauthorized; both the jury and the trial judge felt that it was, and we affirm their judgment.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*
ARGUED OCTOBER 2, 1972—DECIDED DECEMBER 4, 1972.

*Nicholson & Fleming, John Fleming,* for appellant.
*Jay M. Sawilowsky,* for appellee.