48836. GLEATON v. CITY OF ATLANTA.

Evans, Judge.

Glen Gleaton sued the City of Atlanta for damages to realty. He alleged that injury resulted from a continuing trespass by defendant; that a combination sewer ran through his property which repeatedly overflowed; that his property was inundated with water and debris, backed up from the city's sewer system; and that there was seepage from within the system; all of which caused erosion, decay and destruction to and undermining of his dwelling thereon.

Defendant answered, denied injuring plaintiff and contended the claim was barred by the statute of limitations.

At the close of plaintiff's evidence, defendant moved for a directed verdict, contending plaintiff had failed to make out a case of liability against the city and also that no proper measure of damages had been proven. After argument, the court withheld its ruling and required defendant to present its evidence.

The forms as to special verdicts were then agreed upon and the court instructed the jury to find: 1. structural damages to plaintiff's house resulted from the house being built on fill land; or 2. structural damage to plaintiff's house was caused by the overflow of water to plaintiff's property; and then 3. no damage to the rugs and water heater was caused by the overflow of water in plaintiff's house; or 4. the damage to the rugs and water heater was the result of water overflowing into the house.

The jury was instructed that if any damages were found there would be further proceedings before the jury.

A verdict in favor of plaintiff was returned, finding that the structural damage to plaintiff's house was caused by the overflow of water onto the plaintiff's property; and there was damage to the rugs and/or water

heater as the result of water overflowing into the house.

Defendant made a second motion for directed verdict and made a rather lengthy argument thereon, but his principal contentions seem to be: a. The house was damaged more than four years before the suit was filed, and said damages are barred by the statute of limitation. b. The measure of damages used by plaintiff, to wit, the "before and after" method is improper and illegal, and the proper and legal measure of damages would be the reasonable cost of repairs, as to which no evidence was introduced.

The jury was dismissed for the remainder of the day, and on convening of court on the following day, the court granted defendant's motion for directed verdict. A written order was then entered as to said directed verdict for defendant, both as to the motion made at close of plaintiff's evidence and the motion made at close of defendant's evidence, and the complaint dismissed. Plaintiff appeals. *Held:*

1. A motion for directed verdict may be made at the close of plaintiff's evidence or at the close of all the evidence. Code Ann. § 81A-150 (§ 50, CPA; Ga. L. 1966, pp. 609, 656; 1967, pp. 226, 237, 246, 248). But if the court denies the motion or for any reason it is not granted, the court is "deemed to have submitted the action to the jury subject to a later determination of the legal questions raised." Under sub-paragraph (b) of Code Ann. § 81A-150, supra, a motion for judgment notwithstanding the verdict in accordance with the motion for directed verdict is then in order. *Ga. Southern &c. R. Co. v. Blanchard,* 121 Ga. App. 82 (4) (173 SE2d 103). Here no motion for directed verdict was made at the close of the case or at the close of all of the evidence; but after the jury had returned the aforementioned special verdicts, the motion for directed verdict was made and granted. When said motion was made, the jury had already decided each and every question in the case except as to the exact amount of damages to which plaintiff was entitled. Inasmuch as the trial court elected to submit the case to the jury for decision on certain vital questions, acquiesced in by defendant's counsel, this constituted a waiver on defendant's part of his right to move for a directed verdict

at the close of all the evidence, as is allowed and provided for in Code Ann. § 81A-150. There are only two places in point of time when a motion for directed verdict may be made, to wit, (1) at the close of plaintiff's evidence; and (2) at the close of all the evidence.

2.  Defendant's counsel contends plaintiff acquiesced in the method the court used in considering this case. The record is completely silent as to any such acquiescence, albeit there was a stipulation that the jury consider the special verdicts, in which no mention was made of a reservation by defendant of the right to move for directed verdict out of order, or at a time not allowed by law. The only law defendant has brought forward in support of his contention is *Upshaw v. Cooper,* 127 Ga. App. 690, 692 (194 SE2d 618), which is totally inapplicable here, and in no wise supports his contention. But regardless of defendant's failure to move for a directed verdict at a proper and legal time, an even stronger reason for deciding against defendant is that the evidence in this case created issues of fact which demanded that such issues of fact be submitted to the jury.

3.  If a judgment excepted to is right for any reason, it will be affirmed by the appellate courts. See *Stahl v. Russell,* 206 Ga. 699 (2) (58 SE2d 135). Indeed, it has been held that a motion for directed verdict is not essential where the evidence demands the verdict, for if it demands it, the granting of the verdict by the court is valid despite the court's failure to obey the procedural law in the Civil Practice Act. See *Cox v. Zucker,* 214 Ga. 44, 59 (102 SE2d 580); *North Ga. Feed &c. Co. v. Ultra-Life Labs.,* 118 Ga. App. 149, 152 (162 SE2d 803). We, therefore, proceed immediately to the only remaining enumeration as to whether or not the court erred in directing the verdict for the defendant.

The motion for directed verdict "made on yesterday" was granted, as shown by the argument, because of an alleged failure to show a proper measure of damages and because of the contention that the damages were barred by the statute of limitations.

Defendant testified as to the value of his property originally; but he also testified that the value of the

dwelling in 1964, approximately four years before the suit was filed, was from $8,000 to $10,000. He qualified himself sufficiently to testify as to his opinion as to such value. He then testified that its value was absolutely nil after it became unfit for habitation, and he detailed the numerous complaints of the city as to it being unfit for habitation; and his subsequent permit to repair which was revoked by the city because the dwelling could not be rebuilt. This evidence alone created a jury question as to damage to the dwelling.

As to the statute of limitation, the witness' testimony as to when the water began to cause damage to his house was somewhat vague and showed that even before the four-year period, the water was causing damage to his house. But he testified that he was making repairs and improvements during these four years and that the property increased in value $6,000 in 1950, to a value of $8,000 to $10,000 in 1964, four years before suit was filed. Where a trespass is continuing in nature, such as is the one here, a new cause of action arises daily, and suit may be maintained for all damages accruing during the four years immediately preceding the filing of suit. *Goble v. L. & N. R. Co.,* 187 Ga. 243 (3) (200 SE 259); *Savannah Electric &c Co. v. Horton,* 44 Ga. App. 578 (4) (162 SE 299); *Scott v. Dudley,* 214 Ga. 565 (2) (105 SE2d 752). The contention that the damages were barred by the statute of limitation is not well taken. Where the drainage of surface water is inadequate to carry off water accumulating in the streets of a municipality and continuously overflowing upon adjoining premises, its maintenance thereafter by the city constitutes a nuisance, and the city may be liable for resulting damage to adjacent property owners. *Bass Canning Co. v. MacDougald Const. Co.,* 174 Ga. 222 (162 SE 687); *City of Macon v. Macon Paper Co.,* 35 Ga. App. 120 (132 SE 136); *City of Brunswick v. Tucker,* 103 Ga. 233 (29 SE 701, 68 ASR 92); *Langley v. City Council of Augusta,* 118 Ga. 590 (45 SE 486, 98 ASR 133). Not only did the sewer fail to carry off the surface water, but there was testimony that *sewer water backed up out of the sewer* and trespassed upon plaintiff's property. There was also testimony that the city was notified from time to time over the years and

failed to abate the nuisance. The evidence shows a continuing trespass on plaintiff's land began more than four years before suit was filed; but there was sufficient testimony as to value during the four years immediately prior to suit for consideration by the jury. Code § 3-1001.

For the reasons stated above, the court erred in directing the verdict against the plaintiff.

*Judgment reversed. Bell, C. J., Quillian and Clark, JJ., concur. Pannell, P. J., Deen and Stolz, JJ., concur in the judgment. Hall P. J., and Eberhardt, P.J., dissent.*

ARGUED JANUARY 10, 1974 — DECIDED MARCH 14, 1974 — REHEARING DENIED MARCH 28, 1974 —

*Katz, Paller & Land, Fred L. Cavalli,* for appellant. *Henry L. Bowden, Charles M. Lokey,* for appellee.

EBERHARDT, Presiding Judge, dissenting.

I cannot agree that there was no timely motion by the defendant for directed verdict. It appears from the record that a motion was made at the close of plaintiff's evidence, and that the judge reserved a ruling on it and directed that the defendant proceed with its evidence. Witnesses then testified for the defendant, and by stipulation between counsel, special verdicts were prepared and submitted to the jury for determining whether (a) structural damage to the plaintiff's house had occurred because it was built on fill dirt or because of water overflowing his land, and (b) whether there had been damage to rugs and a water heater from overflowing water. *No general verdict was to be returned at that time,* and it was contemplated that if the special verdicts favored plaintiff's contentions further proceedings would be had before the jury.

The special verdicts were favorable to plaintiff's contentions and the defendant produced additional witnesses who testified favorably to its contentions.

Counsel for the defendant then, at the close of all of the evidence, again moved for a directed verdict. (T. 201-203). It was argued at length. The court took it under consideration and on the following day sustained the motion.

Nor do I agree that the two special verdicts resolved all matters in the plaintiff's favor except the amount of the damages. Defendant had interposed defenses as to (a) the statute of limitation barring plaintiff's claim, or a substantial portion of it, (b) that the damage had resulted from an overflow of surface water from the streets due to heavy rains and that the city could not be held for a deficiency in the surface water drainage system since its maintenance had been held to be a governmental function. See *City Council of Augusta v. Williams,* 206 Ga. 558 (57 SE2d 593). Thus, there were issues as to whether the city was guilty of any culpable negligence for which there could be any recovery, and, if so, whether all of it or some substantial portion was barred by the statute of limitation, and if some portion, what portion, and what the cost of restoring the damage would be. These would require more than the special verdicts for determination.

All of the evidence was in, and counsel argued the legal points raised at length in connection with the second or last motion for directed verdict. It was urged that the damage had been occasioned by surface water which overflowed from the surface water drainage system due to heavy rains, and that the city could not be held for this. It was contended that the damage which plaintiff claimed and had shown was solely to the house and not to the land, and that he had failed to show the cost of making repairs or of restoring it to its condition at the time the damage occurred. See *Morrow v. Johnston,* 85 Ga. App. 261, 266 (68 SE2d 906), and cits. Plaintiff was seeking attorney fees and it was pointed out that no evidence as to the value of services rendered in handling the matter had been presented. See *Fry v. Lofton,* 45 Ga. 171 (3). With these matters the court agreed, and directed the verdict.

It is elementary that if a plaintiff fails to present evidence consonant with the applicable measure of damages so that the jury may make a verdict without speculation or conjecture he has failed in making out a case and a directed verdict is proper.

I am authorized to state that Presiding Judge Hall concurs in this dissent.