## 50511. ANDERSON et al. v. UNIVERSAL C. I. T. CREDIT CORPORATION.

STOLZ, Judge.

The appellee corporation, mortgagee, obtained a verdict and judgment against the appellant mortgagors in its action to recover the differences in the market values of two mortgaged automobiles between the time the mortgagors regained possession of them via affidavits of illegality and forthcoming bonds and the time of their sale at public auction. The mortgagors appeal from the denial of their motion for judgment n.o.v. or, in the alternative, for new trial.

1. The defendants-appellants did not waive their right under Code Ann. § 81A-150 (b) (Ga. L. 1966, pp. 609, 656, as amended) to move for a judgment n.o.v. and a new trial in the alternative by making their prerequisite motion for a directed verdict after both sides had rested and the plaintiff had made its concluding argument to the jury, but before the judge charged the jury.

Although *Ga. Southern &c. R. Co. v. Blanchard,* 121 Ga. App. 82 (4) (173 SE2d 103) holds that § 81A-150 (b) requires that the motion for directed verdict be made "at the close of all of the evidence," *Gleaton v. City of Atlanta,* 131 Ga. App. 399 (1) (206 SE2d 46) indicates that a reading of sub-paragraph (b) together with the provision of sub-paragraph (a), that "A motion for a directed verdict may be made at the close of the evidence offered by an opponent or at the close *of the case"* (emphasis supplied), shows that there are *two* places in point of time when a motion for directed verdict may be made, to wit, (1) at the close of the plaintiff's evidence (by the defendant only, *Kay Enterprises, Inc. v. Shawmac, Inc.,* 124 Ga. App. 225 (183 SE2d 503)); and (2) at the close of all of the evidence *or at the close of the case.* The latter phrase, used in sub-paragraph (a), although apparently used almost synonymously and interchangeably with the phrase "at the close of all the evidence" in subparagraph (b) and in *Gleaton,* supra, at p. 400, nevertheless connotes a period of time somewhat beyond the mere close of all the evidence. (There is no provision or requirement for the defendant to move for a directed verdict *prior to* the close of all the

evidence, as the appellee contends.)

How far beyond the "close of all the evidence" can a motion for a directed verdict be entertained? Rule 50, F. R. Civ. P. contains only the phrase "at the close of all the evidence," and does not employ the additional phrase "at the close of the case," contained in Code Ann. § 81A-150 (a), supra. The federal cases, construing this time limitation, hold that it means before the case is submitted to the jury. In Martin v. Erie-Lackawanna R. (CA 6th, 1968) 388 F2d 802, the court held that, where the defendant had moved for a directed verdict at the close of the plaintiff's evidence, his renewal of the motion at the close of all of the evidence and subsequent to oral argument, but prior to the court's charge to the jury (the point at which the motion in the case sub judice was made), the motion was timely made. The court quoted, on p. 804, 2 Barron & Holtzoff § 1071 (Wright Ed. 1961) as follows: "Rule 50 (a) provides for a motion for a directed verdict at the close of the plaintiff's evidence or at the close of the evidence *and before the case is submitted to the jury.* It enables the court to determine whether there is any question of fact to be submitted to the jury and whether any verdict other than the one directed would be erroneous as a matter of law. It is conceived as a device to save the time and trouble involved in a lengthy jury determination." The court went on to note that there was no claim of prejudice from the motion's having been made at that time, citing Rules 1 and 61 F. R. Civ. P. The Georgia equivalents of the latter rules are Code Ann. § 81A-101 (Ga. L. 1966, pp. 609, 610), providing in part that "The provisions of this Title shall be construed to secure the just, speedy, and inexpensive determination of every action," and Code Ann. § 81A-161 (Ga. L. 1966, pp. 609, 664), setting forth the principle of harmless error. See also Landis v. Delp (ED Pa. 1971) 327 FSupp. 766, which held that a motion for a directed verdict was not appropriately made in answer to the defendant's motion for judgment notwithstanding disagreement of the jury, and Paletsky v. Farrell (MD Pa. 1972) 54 FRD 467, 15 FR Serv. 2d 1461, which held that the motion for a directed verdict was filed too late, the jury having deliberated for several hours, even though they had reached no verdict. (It should be

noted, however, that in spite of the untimely filing, the court stated that it believed that the plaintiff was nevertheless entitled to a ruling on the merits.)

The "better reason for establishing the motion for directed verdict as a condition to a motion for judgment n.o.v. . . . is to avoid making a trap of the latter motion. At the time that a motion for directed verdict is permitted, *it remains possible for the party against whom the motion is directed to cure the defects in proof that might otherwise preclude him from taking the case to the jury.* A motion for judgment n.o.v., without prior notice of alleged deficiencies of proof, comes too late for the possibility of cure except by way of a complete new trial. The requirement of the motion for directed verdict is thus in keeping with the spirit of the rules to avoid tactical victories at the expense of substantive interests." (Emphasis supplied.) 5A Moore's Federal Practice § 50.08, p. 2359 and cit.

Since the federal cases, construing the federal rule requiring the making of the motion "at the close of the evidence," allow the motion to be made up to the time the case is submitted to the jury, it appears logical that the state statute, allowing such a motion to be made "at the close of the case," should be construed so as to allow it to be made anytime prior to the return of a verdict by the jury. Inasmuch as the case is still viable up to the return of a verdict, as illustrated by the provision that the plaintiff can still withdraw the case from the jury by voluntarily dismissing his action at any time before verdict via Code Ann. § 81A-141 (Ga. L. 1966, pp. 609, 653), we can see no logical reason why the case could not still be withdrawn during such period of viability by motion for directed verdict, in this case giving the defendant somewhat correlative rights with the plaintiff. To construe the provisions of § 81A-150 so narrowly as to vitiate the motion for directed verdict unless it is made *immediately* after the close of all of the evidence, would defeat the general purpose of the motion and violate the express legislative intent that the provisions of the Civil Practice Act be construed "to secure the just, speedy, and inexpensive determination of every action." Code Ann. § 81A-101, supra. It is not necessarily too late after the case

has been submitted to the jury for the opposing party to cure any defects in proof. "Whether or not a party may be allowed to reopen his case after he has rested and present additional evidence is a matter within the discretion of the trial judge." *Dimmick v. Pullen,* 120 Ga. App. 743 (1) (172 SE2d 196) and cits.; *Meatows v. Oxford,* 124 Ga. App. 778 (3) (186 SE2d 343).

The only Georgia authority we have found that is contrary to the above position is *Gleaton v. City of Atlanta,* 131 Ga. App. 399, supra. We note that even that case does not totally preclude a motion for directed verdict after the case has been submitted to the jury, in that Division 2 therein intimates that the defendant, by stipulation, may be able to reserve "the right to move for directed verdict out of order, or at a time not allowed by law." The *Gleaton* case does not inflict an infirmity on the motion for judgment n.o.v. and a new trial in the alternative in the case at bar, however, since the motion for directed verdict here was made *before* the case was submitted to the jury, which is timely even under the more restrictive federal rule. Since the holding in *Gleaton* does not directly affect the instant case, it is not necessary to overrule it, limit its scope or specifically disapprove any of its language at this time; however, in the event it is directly invoked in the future, it should be noted that it was decided by a split vote of only four judges concurring in the "majority" opinion, two judges merely concurring in the judgment, and two judges dissenting.

2. Where the defendants filed a motion to dismiss and for more definite statement on July 1, 1971; a hearing thereon was set for October 11, 1971, but apparently never conducted; the complaint was sufficiently definite that the opponent could reply to it; no effort was apparently made to obtain particulars (which were matters of public record) by discovery or otherwise; and the defendants made no further mention of the motion or the hearing until after both sides had announced ready at the trial in March, 1974, almost 3 years after making the motion — the trial judge did not err in denying their motion. See *Emerson v. Fleming,* 127 Ga. App. 296, 298 (3) (193 SE2d 249).

3. Enumerated errors 3 through 9 attempt to raise

various issues, such as contended lack of notice of the sale, which are based upon constitutional questions, which the Supreme Court, in its order transferring the case to this court, held were not properly raised in the trial court and, therefore, not before the appellate court for decision.

4. The trial judge did not err in overruling the motions for a directed verdict, judgment n.o.v., and, in the alternative, new trial. There was no valid attack on the constitutionality of the foreclosure statutes, as we have noted in Division 3 hereinabove, and the evidence authorized the amount of damages awarded the plaintiff.

*Judgment affirmed. Deen, P. J., concurs. Evans, J., concurs in the judgment only.*

SUBMITTED APRIL 9, 1975 — DECIDED JUNE 2, 1975.

*Boatright & Boatright, J. Laddie Boatright,* for appellants.

*Reinhardt, Whitley & Sims, Glenn Whitley,* for appellee.