A91A1976. DUKES v. RUTH.
(416 SE2d 565)

ANDREWS, Judge.

Dukes appeals from the verdict and judgment for defendant Ruth in this suit arising from a traffic accident.

Viewed in favor of the verdict, the evidence was that Dukes and his girl friend were traveling toward Ruth on a five-lane highway, including a center turn lane. Ruth was in the turn lane facing Dukes and waiting to turn left across his path of travel.

Ruth turned in front of Dukes and her car was struck in the right rear quarterpanel by the right front end of Dukes' pickup. Both vehicles had on their lights. Ruth said an event occurring at the stadium near the highway "got her attention" and she did not see Dukes before the impact.

There were no skid marks at the point of impact. Dukes stated that he did not see the Ruth vehicle until it was about ten feet in

---

front of him.

The court charged the principles of comparative negligence and last clear chance, as well as other operative negligence concepts.

1. Dukes' first and second enumerations allege error in the court's giving of one instruction and in overruling of his motion for new trial on that ground.

The objected to charge was that "if you find that . . . [Dukes] was exceeding the posted speed limit at the time of the accident, this would be negligence per se." The only objection made to that charge was that there was no evidence of the posted speed limit before the jury. While there was no such evidence, that alone does not equate to harmful error requiring reversal.

First, the quoted charge must be considered in the context of the more extensive charge of which it was a part. *Smaha v. Moore*, 193 Ga. App. 23, 24 (387 SE2d 13) (1989). The overall charge was addressed to the duties of persons driving automobiles, including that "every person shall drive at a reasonable and prudent speed when approaching an intersection," and that "no person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions." There was evidence which would have authorized the jury to conclude that Dukes was going too fast for conditions, regardless of any posted speed limit.

" 'Inaccuracies in a charge which do not mislead or obscure meaning, do not require a new trial. [Cit.]' " *Strickland v. Dept. of Transp.*, 196 Ga. App. 322 (1) (396 SE2d 21) (1990); *Whitehead v. Cogar*, 180 Ga. App. 812, 813 (1) (350 SE2d 821) (1986). Dukes has failed to show any harm from the protested charge.

2. Finally, after the jury was charged, Dukes made a motion for directed verdict on the issue of liability of Ruth, a denial of which is claimed as error. Having made no such motion during the trial, this presented nothing for the trial court's ruling nor our review. OCGA § 9-11-50; *Lashua v. Tomlin*, 194 Ga. App. 3, 4 (389 SE2d 767) (1989).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 6, 1992.

*Gibson & Jackson, Douglas L. Gibson*, for appellant.
*Dillard, Landers, Bower & East, Joseph E. East*, for appellee.