A08A0608. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. HYERS et al.
(661 SE2d 682)

ANDREWS, Judge.

Georgia Farm Bureau Mutual Insurance Company appeals from the trial court's order denying its motion for directed verdict. Because the trial court correctly held that the motion for directed verdict made after the jury was charged and had begun deliberations was untimely, we affirm.

Debra and Jerry Hyers, plaintiffs below, sued Tywarn Lively and Tonya Taylor after an automobile accident. The Hyerses served a copy of the complaint on their uninsured motorist carrier, Georgia Farm Bureau. Georgia Farm Bureau answered and filed a cross-claim against Lively and Taylor, but elected not to participate in the trial. After the jury was charged and had retired to the jury room to begin deliberations, Georgia Farm Bureau moved for a directed verdict, claiming that it was entitled to have all claims against it dismissed because plaintiffs had not introduced a copy of the insurance policy.

The trial court denied the motion, holding that "a directed verdict [motion] after I've charged the jury and the jury's begun deliberations is too late." We agree.

---

1. OCGA § 9-11-50 provides that "[a] motion for a directed verdict may be made at the close of the evidence offered by an opponent or at the close of the case." This Court has held that "at the close of the case" means exactly what it says; therefore, the trial court did not err in denying Georgia Farm Bureau's motion made after the case had been submitted to the jury, as untimely. *Dukes v. Ruth*, 203 Ga. App. 246, 247 (416 SE2d 565) (1992); *Gleaton v. City of Atlanta*, 131 Ga. App. 399, 400-401 (206 SE2d 46) (1974).[1]

2. Likewise, Georgia Farm Bureau has waived the right to argue that the evidence was insufficient because the policy was not introduced at trial. Failure to move for a directed verdict also bars the party from contending on appeal that he is entitled to judgment as a matter of law because of insufficient evidence. *Aldworth Co. v. England*, 281 Ga. 197, 197-198 (637 SE2d 198) (2006). This failure does not, however, bar the party from contending that he is entitled to a new trial on that ground. Id. Georgia Farm Bureau did not request a new trial.

*Judgment affirmed. Ruffin, P. J., and Bernes, J., concur.*

DECIDED APRIL 30, 2008.

*Dillard & Dillard, Stephen G. Dillard*, for appellant.
*Savage, Turner, Pinson & Karsman, Brent J. Savage, Brennan, Harris & Rominger, Thomas L. Bass, Jr.*, for appellees.

---

[1] *Anderson v. Universal C. I. T. Credit Corp.*, 134 Ga. App. 931 (216 SE2d 719) (1975), cited by Georgia Farm Bureau, does not change this result. The language in that case, suggesting that a motion is timely if made before the jury renders its verdict, is dicta in that the motion for directed verdict was made before the jury charge. Id. Moreover, the case is not precedent, as one of the judges concurred in the judgment only. See, e.g., *Condon v. Vickery*, 270 Ga. App. 322, 326 (606 SE2d 336) (2004).